UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CRIMINAL ACTION NO. 1:20-CR-00005-GNS-HBB-1

MARK ALLEN JOHNSON                                    PETITIONER/DEFENDANT

VS.

UNITED STATES OF AMERICA                              RESPONDENT/PLAINTIFF

## MEMORANDUM OPINION
## AND ORDER

### BACKGROUND

Before the Court[1] is the motion of Petitioner, Mark Allen Johnson ("Johnson"), filed on

August 8, 2022 (DN 47). Johnson seeks an entry of default judgment against the United States as

a result of an alleged failure to comply with the filing deadlines to Johnson's § 2255 motion to

vacate (Id.). Additionally, Johnson seeks appointment of counsel (Id.). For the reasons below,

Johnson's motion for default judgment and appointment of counsel is **DENIED**.

### PROCEDURAL HISTORY

On March 11, 2020, the Grand Jury indicted Johnson in a three-count Indictment (DN 11).

Count 1 alleges Jonson distributed child pornography, in violation of 18 U.S.C. § 2252A(a)(2) and

(b)(1); Count 2 alleges Johnson knowingly attempted to entice an individual who he believed had

not attained the age of eighteen years, to engage in sexual activity, in violation of 18 U.S.C.

§ 2422(b); and Count 3 alleges Johnson knowingly transferred obscene matter to a minor, in

violation of 18 U.S.C. § 1470 (Id.). Johnson entered a plea of guilty to all three of the counts on

---

1 The District Judge referred this matter to the undersigned United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), for rulings on all non-dispositive motions; for appropriate hearings, if necessary; and for findings of fact and recommendations on any dispositive matter (DN 43).

January 11, 2021, which the District Court accepted (DN 30).  On April 13, 2021, Johnson was sentenced to a term of imprisonment of 240 months as to each of the counts, with all counts to be served concurrently, for a total term of 240 months (DN 38).  Thereafter, Johnson would be subject to supervised release for life (Id.).

On May 19, 2021, Johnson filed a motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255 (DN 42).  The District Judge ordered the United States to file an answer within 30 days, to which Johnson would then have 30 days to file an answer (DN 43).  On June 14, 2022, the United States moved for an extension to time to file its response (DN 44).  The Court granted the motion, and specifically detailed that the United States shall respond by no later than July 25, 2022, and Johnson may file a reply no later than August 29, 2022 (DN 45).  On July 25, 2022, the United States filed its response to Johnson's motion (DN 46).

On August 8, 2022, Johnson filed the present motion for default judgment and appointment of counsel (DN 47).  Johnson states that he has not received a response from the United States and alleges that the United States failed to comply with the filing deadline (Id.).  As such, Johnson requests that his sentence being vacated and/or he be released from Edgefield Federal Correctional Institution (Id.).  Additionally, Johnson requests the appointment of counsel to assist him in filing a second motion to vacate pursuant to 28 U.S.C. § 2255 (Id.).

DISCUSSION

1.    *Default Judgment*

Default judgments are ordinarily unavailable in the 2255 context.  *See* Allen v. Perini, 424 F.2d 134, 138 (6th Cir. 1970); Koelblin v. United States, Nos. 1:15-CR-0011 & 1:16-CV-1996, 2016 U.S. Dist. LEXIS 165910, at *4 (N.D. Ohio Dec. 1, 2016); United States v. Scantland, Nos.

2

2:04-CR-80773 & 2:08-CV-13097, 2010 U.S. Dist. LEXIS 142913, at *12-14 (E.D. Mich. Dec. 7, 2010); Gordon v. Duran, 895 F.2d 610, 612 (9th Cir. 1990) ("The failure to respond to claims raised in a petition for habeas corpus does not entitle the petitioner to a default judgment."); Aziz v. Leferve, 830 F.2d 184, 187 (11th Cir. 1987) ("a default judgment is not contemplated in habeas corpus cases"). Even where the United States has failed to respond, the Court should nonetheless proceed to the merits of the petition. Turner v. United States, Nos. 2:12-cv-02266-SHM-dkv & 2:08-cr-20302-SHM, 2015 U.S. Dist. LEXIS 190572, at *4 (W.D. Tenn. June 8, 2015); *see also* Fed. R. Civ. P. 55(d) ("A default judgment may be entered against the United States . . . only if the claimant establishes a claim or right to relief by evidence that satisfies the court.").

More importantly, the United States responded to Johnson's motion by filing a response on the date-certain specified by the Court (DN 46). This responsive filing also pre-dates Johnson's motion for default judgment. Therefore, Johnson's motion for default judgment is **DENIED AS MOOT**.

     2.     *Appointment of Counsel*

There is no constitutional right to counsel in post-conviction proceedings. Pennsylvania v. Finley, 481 U.S. 551 (1987); Kissner v. Palmer, 826 F.3d 898, 905 (6th Cir. 2016). Rule 8(c) of the Rules Governing Section 2255 Proceedings provides that the Court must appoint counsel to a party *if an evidentiary hearing is warranted*. Johnson has not moved for an evidentiary hearing, nor does the Court believe that such a hearing is warranted based upon the current filings. *See* Rule 8(a) of the Rules Governing Section 2255 Proceedings. Moreover, Johnson's request for appointment of counsel to assist him with a second § 2255 motion does not fall within the parameters specified above. Therefore, the motion for appointment of counsel is **DENIED**.

<u>ORDER</u>

For the aforementioned reasons, Johnson's motion for default judgment and appointment of counsel (DN 47) is **DENIED**.  To confirm that Johnson has a copy of the United States' response, the Clerk of the Court is **DIRECTED** to send Johnson a copy of the United States' response (DN 46).

**H. Brent Brennenstuhl**
**United States Magistrate Judge**

August 10, 2022

Copies:          Counsel of Record
                 Mark Allen Johnson, *pro se*

4